IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY CHARLES McCULLOUGH, ) ) ) | |
| Petitioner, ) ) | |
| -vs- ) ) | Case No. CIV-20-772-F |
| MIKE HUNTER, ) ) ) | |
| Respondent. ) | |

## ORDER

Petitioner, Rodney Charles McCullough, a state prisoner appearing *pro se*, commenced this matter by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (doc. no. 1). The matter was referred to United States Magistrate Judge Shon T. Erwin in accordance with 28 U.S.C. § 636. Magistrate Judge Erwin promptly examined the § 2254 petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On September 22, 2020, he issued a Report and Recommendation (doc. no. 8), finding that petitioner's § 2254 petition is an unauthorized second or successive § 2254 petition which the court has no jurisdiction to consider and recommending that the court dismiss the § 2254 petition for lack of jurisdiction rather than transfer it, pursuant to 28 U.S.C. § 1631, to the Tenth Circuit Court of Appeals to obtain the necessary authorization.

The court is in receipt of Petitioner's Objection to Magistrate's Report and Recommendation (doc. no. 11). Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the matter. Having done so, the court finds no error in, and nothing to add to, the cogent analysis Magistrate Judge Erwin. Petitioner's

arguments in support of his objection are without merit. The court accepts, adopts and affirms the Report and Recommendation.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. The court's dismissal of petitioner's petition as an unauthorized second or successive § 2254 petition is such an order. *See*, Price v. Kansas ex rel. Six, 365 Fed. Appx. 970, 972 (10th Cir. 2010). Where the district court dismisses a petition on procedural grounds, such as in the instance case, a certificate of appealability may issue only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review, the court concludes that petitioner is not entitled to issuance of a certificate of appealability. Therefore, a certificate of appealability is denied.

Accordingly, the Report and Recommendation of United States Magistrate Judge Shon T. Erwin (doc. no. 8) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Petitioner, Rodney Charles McCullough's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (doc. no. 1) is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

IT IS SO ORDERED this 22nd day of October, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0772p003.docx